UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14141-CIV-CANNON/McCabe

GEORGE PRICE,

      Plaintiff,

v.

PALM CITY GOLF, LLC,
a Florida Limited Liability
Company,

      Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Palm City Golf, LLC's Motion for Summary Judgment (the "Motion") [ECF No. 37], Plaintiff's Opposition [ECF No. 44], Defendant's Reply [ECF No. 48], Magistrate Judge McCabe's Report and Recommendation (the "Report") [ECF No. 52], Defendant's Objection to the Report [ECF No. 53], Plaintiff's Response to Defendant's Objection [ECF No. 54], and Defendant's Sur-Reply [ECF No. 61]. Following review of the foregoing filings and the full summary judgment record, the Report is **ACCEPTED**, and Defendant's Motion is **DENIED**.

## BACKGROUND

Plaintiff George Price worked for Defendant Palm City Golf Club as a clubhouse manager from June 2020 until his termination in May 2022 [ECF No. 41]. Approximately two years after his termination, Plaintiff brought the instant age discrimination lawsuit, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b)–(c); 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a) [ECF No. 1].

1

Following discovery, Defendant timely moved for summary judgment, arguing that Plaintiff's age was not the but-for cause of his termination and that, instead, Plaintiff was terminated solely for financial reasons and necessary cost reductions [ECF No. 37].  The Court referred the Motion to Magistrate Judge McCabe [ECF No. 51], who ultimately issued a Report recommending denial of summary judgment [ECF No. 52].  The Report reasons that genuine issues of material fact preclude summary judgment as to whether Defendant terminated Plaintiff due to his age, citing evidence of alleged pretext in Defendant's proffered nondiscriminatory reason [ECF No. 52 pp. 7–8].

Defendant filed a timely Objection to the Report [ECF No. 53].   The core of Defendant's Objection is that Magistrate Judge McCabe did not sufficiently consider the factual assertions in a Supplemental Affidavit of Charlie Nardi, a part-time employee who is older than Plaintiff and was not terminated [ECF No. 53].  The Affidavit states that Nardi worked as a "front facing" employee at the golf club—not as a "back-office employee" as argued by Plaintiff and reiterated in the Report [ECF No. 52 p. 8]. Therefore, says Defendant, Plaintiff's theory of age discrimination fails because Defendant maintained an older employee in a similar "front facing" role as held by Plaintiff [*see also* ECF No. 61].  Plaintiff responds to Defendant's Objection by pointing to other evidence in the summary judgment record, including the testimony of another witness (Anders Goldhkuhl) who rebuts Defendant's suggestion that Nardi had so-called "front facing duties" either before or after Plaintiff's termination [ECF No. 54].

The Report is ripe for adjudication.

## LEGAL STANDARDS

To challenge a magistrate judge's proposed findings and recommendations, a party must file specific written objections identifying the portions to which the objection is made. Fed.  R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  The Court reviews de novo any portion of the report properly objected to and may accept, reject, or modify the recommendation.  28 U.S.C. § 636(b)(1).  When no specific objection is lodged, the Court may accept the recommendation if there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.[1]

## B.  Summary Judgment

Summary judgment is appropriate only if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.  R. Civ. P. 56(a).  A genuine issue exists when a reasonable jury could return a verdict for the nonmoving party.  *See, e.g.*, *Quigg v. Thomas Cnty. Sch.  Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016).  The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor.  *See, e.g.*, *Tolan v. Cotton*, 572 U.S. 650, 651 (2014).  The Court may not weigh evidence or make credibility determinations at this stage.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## C.  ADEA and FCRA Proof Frameworks

The ADEA prohibits an employer from terminating an employee aged 40 or older because of the employee's age.  29 U.S.C. §§ 623(a)(1), 631(a).  The FCRA similarly prohibits discharging an employee based on age.  Fla. Stat. § 760.10(1)(a).  Courts analyze ADEA and FCRA claims in tandem under the same analytical framework.  *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). Both statutes require proof that age was the "but-for" cause of the adverse employment action—that is, that the action would not have occurred absent the discriminatory motive.  *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010); *Perry v. City of Avon Park, Florida*, 662 F. App'x 831, 836 (11th Cir. 2016).

---

[1] To the extent the summary-judgment posture of this Report *requires* de novo review, even despite any objection, *see Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1226 (M.D. Fla. 2022); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019), the Court has conducted such a fulsome review of the record and the Report and would reach the same result as determined in the Report.

**DISCUSSION**

Defendant's Objection to the Report—which focuses narrowly on the consideration of the Supplemental Affidavit of Charlie Nardi [ECF No. 53 ¶¶ 6–7]—fails to show error in the Report.   The Report considered the full summary judgment record and concluded correctly that genuine issues of material fact preclude summary judgment on Plaintiff's claims of age discrimination.  That determination remains correct, even placing greater emphasis on Nardi's Supplemental Affidavit.   This is because, as a matter of summary judgment, Plaintiff still has provided sufficient evidence from which a reasonable juror could conclude that Nardi did not work in a front-facing role and did not assume Plaintiff's front-facing duties after Plaintiff's termination.   That evidence consists, for example, of an Affidavit from Anders Goldkuhl, a substantially younger employee, who avers that he took over the bulk of Plaintiff's front-facing duties, not Nardi; that the only duty Nardi subsumed was payroll; that Nardi's role was "not even close" to Plaintiff's responsibilities and did not include managing or coordinating clubhouse social events [ECF No. 48-1 pp. 136, 138]; and that Goldkuhl, contrary to Nardi's suggestion, maintained all of the job duties of Goldkuhl's previous role [ECF No. 44 ¶¶ 17–18; ECF No. 48-1 p. 99].   Plaintiff also testified himself during his deposition that Nardi worked merely in a back-office capacity, without meaningful engagement with membership [ECF No. 37-3 pp. 54, 62].  In short, there remains a genuine factual dispute as to the scope or existence of Nardi's "front facing" role, and that dispute matters to the ultimate question of alleged age discrimination in this case and to the validity of Defendant's proffered non-discriminatory reason(s) for terminating Plaintiff.   The Court is not at liberty to resolve that credibility-laden fact question on summary judgment.  *See, e.g.*, *Anderson*, 477 U.S. at 255.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge McCabe's Report and Recommendation [ECF No. 52] is **ACCEPTED**.

2. Defendant's Objection to the Report and Recommendation [ECF No. 53] is **OVERRULED**.

3. Defendant's Motion for Summary Judgment [ECF No. 37] is **DENIED**.

4. The prior stay of deadlines is hereby **LIFTED** [ECF No. 50].

5. On or before **March 13**, **2026**, the parties shall meaningfully confer and file an updated Joint Scheduling Report with proposed remaining deadlines for pre-trial filings and trial. Any disagreements can be denoted separately.

6. The status conference remains scheduled for **March 16**, **2026**, at 9:30 a.m.

   **ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of March 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record